UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CINTIA KARINA GARCIA ARCE,<br><br>Petitioner,<br><br>v.<br><br>JAMES JANECKA, Warden of the Adelanto Detention Center, et al.,<br><br>Respondents. | Case No. 5:26-cv-00070-SSS-BFM<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |

    Before the Court is Petitioner Cintia Karina Garcia Arce's Petition for Writ of Habeas Corpus, filed January 8, 2026. (ECF 1.) Respondents filed their Answer to the Petition on January 16, 2026. (ECF 6.) Petitioner filed a Reply on January 19, 2026. (ECF 7.) For the following reasons, the Court grants the Petition.

    Petitioner is a Nicaraguan foreign national who has been in immigration detention since October 7, 2025. (ECF 1 ¶¶ 22, 30.) Petitioner is currently detained at the Adelanto Detention Facility in Adelanto, California, is in removal proceedings, and was denied the opportunity to have a bond hearing and be released on bond. (ECF 1 ¶¶ 1, 12, 31, 32.)

On January 8, 2026, Petitioner filed a counseled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking release from immigration detention, or alternatively, a bond hearing under 8 U.S.C. § 1226(a) within seven days. (ECF 1 at 21-22.) Petitioner alleges that her continued detention violates the Immigration and Nationality Act. (ECF 1 ¶¶ 74-80.)

Respondents filed their Response on January 21, 2026, conceding that Petitioner appears to be a member of the Bond Eligible Class certified by this Court in *Maldonado Bautista* and that Petitioner's claims regarding entitlement to a bond hearing are subject to the *Maldonado Bautista* judgment. (ECF 6 at 2.) Petitioner agrees, though notes that Petitioner has not been provided an adequate remedy. (ECF 7 at 2-3.)[1]

The troubling circumstances surrounding the refusal by executive agencies to provide those in the Bond Eligible Class with bond hearings are familiar to this Court. Indeed, this Court has already found DHS's policy of denying bond hearings to individuals like Petitioner contrary to the INA. *See Maldonado Bautista v. Santacruz*, No. 5:25-CV01873-SSS-BFM, 2025 WL 3713987, at *8-*22 (C.D. Cal. Dec. 18, 2025); *see also Huerta Estrada et al. v. Noem et al.*, No. 5:25-CV-03271-SSS-BFM, 2025 WL 3691473, at *3–4 (C.D. Cal. Dec. 10, 2025) (granting petitioner's TRO based upon DHS withholding protections that petitioners "would have otherwise been afforded under § 1226(a)."); *Salgado Valenzuela v. Semaia*, 5:25-cv-02853-SSS-RAO (C.D. Cal. Nov. 25, 2025) (granting a petitioner's TRO on the same issue).

As Respondents concede that Petitioner is a class member entitled to a bond hearing under the reasoning of *Maldonado Bautista*, the Court **grants**

---

[1] At a hearing before Magistrate Judge Kaufman, Petitioner withdrew the claims in her Petition that were not related to *Maldonado Bautista*. (ECF 9.) The Court does not, therefore, address them further.

the petition for the reasons stated in the orders in that case. *See Maldonado Bautista*, 2025 WL 3713987, at *8-*22.

Accordingly, it is ORDERED THAT:

(1) The Petition for a Writ of Habeas Corpus (ECF 1) is granted as to Petitioner's Count Three and Four regarding violation of 8 U.S.C. § 1226(a);

(2) Respondents are enjoined from continuing to detain Petitioner unless she is provided with individualized bond hearings before an immigration judge pursuant to 8 U.S.C. § 1226(a) within 7 days of the date of this Order.

DATED: January 27, 2026

_____
SUNSHINE S. SYKES
UNITED STATES DISTRICT JUDGE