**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CINTIA KARINA GARCIA ARCE,<br><br>Petitioner,<br><br>v.<br><br>JAMES JANECKA, et al.,<br><br>Respondents. | Case No. 5:26-cv-00070-SSS (BFM)<br><br>**ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the records and files herein, the Magistrate Judge's Report and Recommendation ("Report"), and Petitioner's Objections to the Report and Recommendation. The Court has engaged in a de novo review of those portions of the Report to which objections have been made.

In her Motion to Enforce Judgment, Petitioner alleges that an Immigration Judge ("IJ") did not comply with the Court's Judgment requiring a meaningful individualized bond hearing. [Dkt. No. 15]. The IJ denied Petitioner's request for bond after finding that Petitioner is a flight risk. [Dkt. No. 18-3 at 3-5]. The Report recommends denial of the motion. [Dkt. No. 20]. Petitioner's six objections to the Report do not merit a different result.

First, Petitioner objects that the Report erroneously equates the occurrence of

a hearing with compliance with the Court's Judgment. [Dkt. No. 22 at 8-10]. The hearing was non-compliant, according to Petitioner, because she presented substantial evidence that she is neither dangerous nor a flight risk. [*Id*. at 9]. This objection is not responsive to the IJ's flight-risk finding, which was that Petitioner, a native and citizen of Nicaragua, would likely be pretermitted from applying for removal protection because she is subject to the Asylum Cooperative Agreements that would permit removal to Ecuador, Guatemala, or Honduras. [Dkt. No. 18-3 at 3]. The IJ further noted that Petitioner "has not responded to the [Department of Homeland Security] motion asking that the Court order her removed to a third country." [*Id*. at 5]. Based on this record, Petitioner has not shown that the IJ's hearing failed to comply with the Court's Judgment to provide an individualized hearing.

Second, Petitioner objects that the Report mischaracterizes Petitioner's motion as a discretionary bond appeal. [Dkt. No. 22 at 10-12]. Instead, Petitioner objects that she did not receive an individualized bond hearing. [*Id*. at 10]. This objection again is not responsive to the IJ's specific finding, which was that Petitioner's request for relief was likely pretermitted because she is subject to the Asylum Cooperative Agreements with Ecuador, Guatemala, and Honduras. [Dkt. No. 18-3 at 3].

Third, Petitioner objects that the Report gives dispositive weight to the IJ's recitation of the correct burden instead of examining whether the burden was meaningfully applied. [Dkt. No. 22 at 12-14]. In his bond decision, the IJ cited authority providing that a noncitizen "with a greater likelihood of being granted relief from deportation has a greater motivation to appear for a deportation hearing than one who, based on a criminal record or otherwise, has less potential of being granted such relief." [Dkt. No. 138-3 at 5 (quoting *Matter of Andrade*, 19 I & N Dec. 488, 490 (BIA 1987)]. The IJ then "considered both the positive and negative equities in [Petitioner's] case. The positive equities are [Petitioner's] family ties.

The negative equities consist of [Petitioner's] limited immigration relief."  [Dkt. No. 18-3 at 5].  From this discussion, it is not evident that the IJ "misstat[ed] the record" or "fail[ed] to mention highly probative or potentially dispositive evidence."  *Martinez v. Clark*, 124 F.4th 775, 786 (9th Cir. 2024).  Thus, the Court concludes that the IJ "applied the correct burden of proof here."  *Id.* (burden correctly applied where the agency discussed the evidence both for and against release from detention); *see also Kharis v. Sessions*, 2018 WL 5809432, at *9 (N.D. Cal. Nov. 6, 2018) (IJ's assessment of noncitizen's eligibility for relief from removal that is not an objective misstatement of the law would generally weigh in favor of a flight risk finding).

Fourth, Petitioner objects that the Report did not address the defective government evidence bearing the wrong noncitizen and wrong representative. [Dkt. No. 22 at 14-16].  The defective government evidence to which Petitioner refers is a removal order for a different noncitizen, based on the application of the Asylum Cooperative Agreement with Ecuador, Guatemala, and Honduras.  [Dkt. No. 18-4].  It is not clear why Respondents lodged this document.  However, Petitioner acknowledges that this document "concerns the underlying pretermission/removal proceedings rather than the bond memorandum itself," which is the only cognizable issue here.  [Dkt. No. 22 at 14].  Nothing in the record suggests that the IJ erroneously relied on this document in making Petitioner's bond determination.

Fifth, Petitioner objects that her *Rodriguez* filing and the "no-hearing" denial from June 17, 2026, confirm that administrative proceedings have not cured the defect.  [Dkt. No. 22 at 16-18].  Petitioner's objection refers to the fact that, after the bond hearing that is being challenged here was held on January 30, 2026, Petitioner subsequently, on April 10, 2026, was scheduled for a prolonged detention bond hearing under *Rodriguez v. Holder*, 2013 WL 5229795 (C.D. Cal. Aug. 16, 2013).  [Dkt. No. 22 at 3; Dkt. No. 22-2.]  However, on June 17, 2026, the IJ denied

Petitioner's request for a *Rodriguez* hearing because Petitioner had already "benefited from a previously held individualized bond and custody redetermination hearing in this matter" on January 30, 2026. [Dkt. No. 22-2 at 1]. Petitioner objects that this latest denial "only perpetuates" the constitutional defect from the earlier hearing on January 30, 2026. [Dkt. No. 22 at 17.] The Court agrees with the Report that it "does not read the IJ's order [from January 30, 2026] to suggest that the hearing was a sham or was not conducted in a good-faith effort to comply with the District Judge's Order." [Dkt. No. 20 at 3]. Because the IJ found that the Government satisfied its burden to show Petitioner was a flight risk, Petitioner subsequently was "not entitled to another bond redetermination" under *Rodriguez*. [Dkt. No. 22-2 at 1 (citing cases)].

Sixth, Petitioner objects that the Report's approach undermines the purpose of habeas relief in prolonged civil detention. [Dkt. No. 22 at 18-19]. This objection is duplicative of Petitioner's prior objections that the IJ did not comply with the Court's Judgment requiring an individualized bond hearing. The Court agrees with the Report that, "[b]ecause Petitioner has received the relief provided in the Judgment, this Court has no discretion to provide further relief under the guise of enforcing the Judgment." [Dkt. No. 20 at 3-4].

The Court accepts the recommendations of the Magistrate Judge.

ACCORDINGLY, IT IS ORDERED:

1. The Report and Recommendation is accepted.

2. Petitioner's Motion to Enforce Judgment [Dkt. 15] is denied.

DATED: July 7, 2026

_____
SUNSHINE SUZANNE SYKES
UNITED STATES DISTRICT JUDGE

4